ROBERT T. SULLWOLD (SBN 88139)
JAMES A. HUGHES (SBN 88380)
SULLWOLD & HUGHES
235 Montgomery Street, Suite 730
San Francisco, CA  94104
(415) 263-1850
(415) 989-9798 FAX

DORIAN DALEY (SBN 129049)
DEBORAH K. MILLER (SBN 95527)
ORACLE CORPORATION
500 Oracle Parkway, 7th Floor
Redwood Shores, CA 94065
(650) 506-5200
(650) 506-7114 FAX

Attorneys for Plaintiff
ORACLE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> WARRANTY CORPORATION OF AMERICA, a Georgia Corporation, <br><br> Defendant. | Case No.: C 03-3146 PJH |

**NOTICE OF MOTION AND MOTION OF PLAINTIFF ORACLE CORPORATION FOR EXPENSES AND SANCTIONS FOR FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY**

DATE:  August 31, 2005
TIME:  9:00 a.m.
COURTROOM 3

1

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 31, 2005 at 9:00 a.m. or as soon thereafter as counsel may be heard in the Courtroom of the Honorable Phyllis J. Hamilton, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Oracle Corporation will and hereby does move for an award of all expenses, including reasonable attorneys' fees, incurred in bringing a motion to compel the production of documents responsive to Oracle's Request for Documents for Enforcement of Money Judgment. The basis for this motion is that Warranty Corporation of America ("Warranty Corporation") failed and refused, without substantial legal basis or justification, to produce *any* responsive documents, requiring Oracle to incur unnecessarily the expense of moving to compel.

The motion is based on this Notice and the accompanying Memorandum of Points and Authorities, the Declaration of James A. Hughes in Support of Sanctions, Oracle's related motion to compel production of documents and the Declaration of James A. Hughes submitted in support thereof, the judgment against Warranty Corporation, and such other matter as the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Oracle does not as a matter of course seek sanctions for the discovery misconduct of its opponents. But Warranty Corporation's actions bespeak a blatant, callous disregard for its obligations. As described in Oracle's related motion to compel, which has been noticed for hearing at the same time as this request for sanctions, Warranty Corporation has completely stonewalled Oracle's attempt to obtain documents in aid of execution on its judgment. No substantial justification exists for Warranty Corporation's refusal to produce a single document, serve appropriate responses, or provide a privilege log identifying documents withheld on privilege grounds. Its inexcusable tactics are sanctionable.

**II.    FACTUAL BACKGROUND**

Oracle has set forth at length in its motion to compel the history of Warranty Corporation's refusal to produce any documents concerning its assets or any information that would aid Oracle's efforts to collect on the judgment for $1,131,188.64 that the Court has entered against Warranty Corporation. Rather than repeating that history in its entirety, Oracle respectfully invites the Court to

2

NOTICE OF MOTION AND MOTION OF PLAINTIFF ORACLE CORPORATION FOR EXPENSES AND SANCTIONS FOR FAILURE TO MAKE
DISCLOSURE OR COOPERATE IN DISCOVERY                                                                                    Case No.: C 03-3146 PJH

consider the Declaration of James A. Hughes in Support of Notice of Motion And Motion of Plaintiff Oracle Corporation to Compel Production of Documents. As shown therein, Oracle hand-served a request for documents in aid of enforcement of judgment on May 27, 2005. In response, Warranty Corporation has, after two full months, refused to produce a single document, despite settled law requiring it to provide documents to which it has no reasonable basis to object. Moreover, Warranty Corporation's responses consist of virtually identical boilerplate objections, and it has rebuffed Oracle's repeated attempts to obtain specification of the reasons for its objections. In addition, Warranty Corporation has simply ignored its duty to provide a privilege log listing documents withheld and specifying the grounds on which they were withheld. Oracle provided Warranty Corporation more than ample opportunity to correct its defective responses and to produce responsive and discoverable documents, but its efforts have been frustrated at every turn.

### III. ARGUMENT

#### A. Oracle is Entitled to its Reasonable Expenses

Fed. Rule Civ. Proc. 37(a)(4) provides as follows:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Thus, if the Court grants Oracle's motion to compel, the Court must order Warranty Corporation or its attorneys or both to pay to Oracle its reasonable expenses, unless the Court concludes that Oracle did not make a good faith effort to obtain the requested information or Warranty Corporation's refusal to produce was substantially justified.

Oracle's good faith effort to obtain the documents to which it is entitled is shown in the Declaration of James A. Hughes submitted in support of its motion to compel. Faced with Warranty Corporation's flouting of discovery rules, Oracle gave it a second, third, and fourth chance to rethink its tactics and proceed in a reasonable fashion according to the rules governing discovery. Despite Oracle's

efforts extending over a full month, Warranty Corporation still maintains its refusal to fulfill its duties to produce, provide a privilege log, and specify the concrete bases (if any) for its objections. Warranty Corporation's last word on the subject speaks volumes. According to its counsel, "**"I don't have client authority to agree to production of any documents."**  Given that clear signal of Warranty Corporation's continuing intransigence, there was nothing more Oracle could reasonably be expected to do to obtain compliance without court intervention.

Under Rule 37, Warranty Corporation has the burden to show that its actions were substantially justified.  Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* (Rutter Group 2005) ¶11:2382 ("the burden is on the losing party affirmatively to demonstrate that its position was *substantially justified*.") (emphasis in original). According to the Advisory Committee Notes, "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court." Fed.R.Civ.P. 37, 1970 Advisory Committee notes. Warranty Corporation cannot justify its stonewalling tactics.  The proper course for a party raising objections in good faith is to produce the documents that are clearly discoverable under the law, specify the documents that are not being produced, and provide a particularized explanation of the bases for objections when the requesting party asks for such explanation. Warranty Corporation flatly refuses to take *any* of these steps.  Its conduct is not only unjustified, it is inexcusable.

This case does not involve a legitimate disagreement between the parties about the discoverability of a handful of documents. It involves Warranty Corporation's defiant refusal to permit any discovery at all.  It is tailor-made for imposition of sanctions under Rule 37.

**B.** **Oracle Should be Awarded No Less Than $5,427.50.**

Pursuant to Local Rule 37-3, the Declaration of James A. Hughes in Support of Sanctions sets forth the attorneys' fees incurred by Oracle as the direct result of Warranty Corporation's refusal to permit discovery, and justifies the hourly rate underlying that expense. Accordingly, as set forth therein, the Court should award Oracle the expenses incurred to date as a result of Warranty Corporation's discovery abuse, totaling $5,427.50. Oracle reserves the right to supplement its showing, depending on the additional work, if any, required as a result of Warranty Corporation's response to this motion.

///

NOTICE OF MOTION AND MOTION OF PLAINTIFF ORACLE CORPORATION FOR EXPENSES AND SANCTIONS FOR FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY                                                                                                      Case No.: C 03-3146 PJH

## IV. CONCLUSION

Warranty Corporation's refusal to produce any documents or follow established procedures concerning discovery responses and privilege claims cannot be substantially justified. Oracle made good faith efforts to persuade Warranty Corporation to pursue a reasonable course, to no avail. Accordingly, the Court should require Warranty Corporation and/or its counsel to pay Oracle's expenses in bringing a motion to compel, totaling no less than $5,427.50.

DATED: July 27, 2005

ROBERT T. SULLWOLD
JAMES A. HUGHES
SULLWOLD & HUGHES

/S/
JAMES A. HUGHES
Attorneys for
PLAINTIFF ORACLE CORPORATION

OF COUNSEL:

DORIAN DALEY
DEBORAH K. MILLER

5

NOTICE OF MOTION AND MOTION OF PLAINTIFF ORACLE CORPORATION FOR EXPENSES AND SANCTIONS FOR FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY                                                                                           Case No.: C 03-3146 PJH